Pearson, J.
 

 The appeal only brings up the interlocutory decree over-ruling the pleas. Our consideration, therefore, is confined to their sufficiency.
 

 Many objections were taken in this Court for the Want of form. It may be, that the pleas are defective in form ; but as we concur with the opinion below, upon the substance, we express no opinion as to the formal objections,
 

 The first plea was objected to, because the allegation, “that the defendant cannot by the terms of the lease,
 
 associate
 
 with himself any persons, or sell or transfer any part or interest in the lease without the consent of the lessor, on pain of a forfeiture,” is repugnant to and inconsistent with the terms of the lease, which is made a part of the plea. This objection would be fatal; but to raise the questions, which were intended to be presented
 
 by
 
 this plea, we will consider the allegation made so as to
 
 *435
 
 conform to the words and. terms of the lease. Two questions are there made: Js a condition valid, by which a lease for years is to be void, if the lessee assigns ? Such a condition is clearly good in a term for years or for life. It is not a capricious exercise of power on the part of the lessor. In a lease for agricultural purposes, the lessor is interested in having a good tenant and one who understands his business.
 
 lie is more so
 
 in a lease for mining purposes, where greater skill is required and more confidence is necessarily reposed in accounting for the tolls or rent.
 

 The other question is ; will King, by the terms of this lease, incur a forfeiture, by recognizing the plaintiffs and the defendant Adderton as his
 
 associates
 
 and conveying to them, as tenants in common
 
 with himself ?
 
 Clearly he will not. Conditions are taken strictly, because they divest estates ; hence, although there be a condition not to assign, the lessee may make a
 
 sub-lease; afortiorihe
 
 may take in associates or partners. The lease, under consideration, has an express clause, by which King is allowed to associate others with himself. The condition is, “that he is not to sell or transfer the lease,” in other words, he is net to “assign,” so as to be
 
 himself
 
 no longer interested in it. The plea is founded upon an entire misconception of the lease and the condition. The object of the lessor was to provide, that King should retain an interest in the lease, because he had reliance upon his skill and honesty. It was not intended
 
 to
 
 cramp his operations, by excluding the aid of associates.
 

 The second plea was objected to, because the averment, that “neither the defendant, nor any other
 
 person,
 
 by him authorized, did ever sign any contract or agreement in writing to sell or lease, or for the sale of or leasing of any lands to the
 
 complainants,
 
 or any lease for digging for gold, or minerals generally, or any lands, or any interest in or concerning any such lands,” &c. is ir
 
 *436
 
 relevant to, and does not meet any allegation made in the bill; for, the bill doesnot allege, that the defendant did agree to sell or lease any land, or any interest in or concerning land to the plaintiffs ; but the allegation is that the de*»' fendant leased the land of Sawyer (which lease is in writ, ing) for himself and as the agent of the plaintiffs and the defendant Adderton.
 

 This objection is fatal — it goes to the merits. The plea does not allege, that the agreement, set out in the bill,, was not reduced to writing, so as to raise the question, whether that
 
 agreement
 
 comes within the operation of the statutes, which are referred to in the plea. Bo the plea does not
 
 “hit the case”
 
 made in the bill, and is, there-.' fore, no answer to it.
 

 But, if the plea had been so framed, as to raise the question, whether the
 
 agreement,
 
 set up in the bill, comes within the objection of the statutes referred to, we think it does not.
 

 The effect of the Act of 1844 is to except contracts “for-leasing or leases” (when the purpose is to dig for gold, &c.,) out of the exception in the Act of 1810, allowing parol contracts for leases not exceeding three years. In. regard to leases, both statutes are, by their terms, com fined to cases, where one makes a lease, or agrees to-make a lease to another.
 

 It is well settled, that if one agrees, by parol, to buy land for another, and he does buy the land, and pay for-it with the money of his principal, but takes the deed in his own name, Equity will enforce the agreement, hold him to be a trustee, and compel him to make title to. the principal; for, the statute, which requires all contracts, “to sell or convey land” to be in writing, has no application. The principle is the same, when one, by parol,, agrees to procure a lease for himself and others, and does, procure the lease in his own name ; he is a trustee for
 
 *437
 
 those, for whom he agreed to act, and the statutes referred to have no application.
 

 The interlocutory decree, appealed from, must be affirmed, with costs.
 

 Per Curiam.
 

 Ordered to be certified accordingly.