PeaesoN, 0. J.
 

 The pleadings and proofs establish these facts: Mrs. Morgan, wishing to provide a home for her daughter. Mrs. Shelton, and her children, (the son-in-law having failed and been sold out,) purchased a tract of land, paid the price, and had the deed made to Yincent Shelton, who was then the only son of Mrs. Shelton, then of full age, with a verbal declaration of trust, that lie was to hold for his mother during her life, and in remainder in fee for all of her children; and Mrs. Shelton and her family liv-ed on the land for many years afterwards, without paying rent, or any claim being set up on the part of Yincent.
 

 The question is: Are these trusts valid ? Or is there an implied trust for Mrs. Morgan — treating the declaration of trusts as of no effect? Or can the heirs of Yincent Shelton hold the land exclusively for their own use ?
 

 At common law, it was not necessary that a trust should be declared in any particular way; the declaration could be made by deed or by writing not under seal, or by mere word of mouth. In either case, if the trust could bo proved the chancellor enforced its execution.
 

 If a feofment be made upon a consideration paid by the feofee, he holds to his own use, because of the price paid. If a feofment be without consideration, the feofee holds for the use of the feoffor upon an implied use, unless there be an express declaration of the use which would repel the implication. So, if one buys land, pays the purchase money, and directs the title to be made to a third person, there is an implied trust in favor of the purchaser, because of the price paid; unless the implication is repelled by proof of a contrary intention ; as where the person to whom the title is passed is a child, or by ■an express declaration of the trust in favor of others. In England,'by a section of the statute of frauds, all declarations of trusts are required to be
 
 “
 
 manifested and proved ” by some writing, signed by the party, with a proviso th
 
 at
 
 trusts by
 
 *294
 
 implication or construction of law, shall be of the like force -and effect, as the same would have been, if this statute had >not been made,” — thus leaving trusts, implied from the payment of the purchase money, to depend on the proof of the intention, as at common law, as between the purchaser and the person to whom the title is passed. “ The evidence which is thus brought forward, on either side, may be derived from •contemporaneous -declarations or other direct proof of intention, or from the circumstances under which the transaction took place, or from the subsequent mode of treating the estate, and the length of time during which a particular mode of •dealing with it has been adopted on all sides.” Adams’ Eq. 35.
 

 In this State, there is no statute which requires the declaration of a trust to be in writing, and the matter stands as at common law. It follows that the declaration of trust made by Mrs. Morgan, at the time she bought the land, in favor of Mrs. ■Shelton and her children, is valid — not simply for the purpose of repelling the implication of a trust in favor of Mrs. Morgan, and of disproving an intention that the trust was to •be exclusively for Yincent Shelton and his heirs, but for the purpose of establishing a trust in favor of Mrs. Shelton and
 
 •all
 
 of her children according to the declaration; the execution of which will.be enforced by this Court.
 

 It was suggested on the argument that a declaration of trust falls within tiie operation of the act of 1819, Rev. Code, ch. 50, sec. 11, “all contracts to sell or convey land, or any inter•est in or concerning land, shall be in writing.” The construction of this statute is fully discussed in
 
 Hargrave
 
 v. King, 5 Ired. Eq. 430;
 
 Cloninger
 
 v.
 
 Summit,
 
 2 Jones’ Eq. 513. A bare perusal of the statute will suffice to show that it cannot, by any rule of construction, be made to include a declaration of trusts, so as to supply the place of the section of the English statute of frauds in regard to a parol declaration of trusts, which our Legislature has omitted to re-enact.
 

 It was also suggested, that a verbal declaration of trust, '■cannot be .proved, without violating the rule of evidence, “a
 
 *295
 
 written instrument shall not be altered, added to, or explained by parol.” The reply is, if this position be true, the English statute, in respect to the- declaration of trusts, was uncalled for, and the doctrine of verbal declaration of trusts-would not have obtained at common law. The truth is, neither the declaration, nor the implication of a trust, has ever been considered as affected by that rule of evidence. The deed has its full force and effect in passing the absolute title-
 
 at law,
 
 and is not altered, added to, or explained by the trust, Avliich is an incident attached to it,'in Equity, as affecting the-conscience of the party who holds the legal title. Herein a trust differs from a condition, by which the estate is defeated
 
 at lato,
 
 upon the payment of money; for the condition affects the
 
 legal
 
 estate, and, to give it force, must be
 
 added to,
 
 and constitute a part of the deed. - It follows that the class of cases, in which it is held that a deed, absolute on its face, may be converted into a security for money, by
 
 addvng
 
 a condition, that' the legal estate is to be void, so as to make it a mortgage, upon proof of declarations and
 
 matter dehors
 
 inconsistent with the idea of an> absolute purchase, has no bearing on the question of a declaration of trust. In our case, however, there is this “ fact
 
 dehors-'’
 
 that Mrs. Shelton went into possession and lived with her family, on the land, for many years, without paying rent, and; the delay before commencing this, suit, is accounted for by the fact, that a former suit was-brought, which, after pending several, years, was dismissed without prejudice.
 

 Pee Cu.eta,m, Decree for tíre plaintiffs..