The principal equity which the bill seeks to enforce is the ordinary case of converting a deed absolute on its face into a security for money, by parol proof of an agreement to that effect.
There is no allegation of fraud, imposition, oppression or mistake, which is necessary in order to bring the case within the application (139) of that doctrine, as has been decided over and over again by this Court. On the argument, it was insisted that this case differs from the ordinary one, for here the bargainee, upon repayment of the money, was not to reconvey to the bargainor, but was to convey tohis wife and children, in whose favor the trust was declared, and Sheltonv. Shelton, 58 N.C. 292; Riggs v. Swann, ante, 118, were relied on. The position that this is the case of parol evidence to establish a declaration of trust as distinguished from a condition, is not tenable, and the cases cited have no application. The defendant paid a part of the purchase money and secured the balance by note. This raised a use for him, and when the legal estate passed, the two united so as to give him the estate, both legal and equitable, and by the force and effect of the deed, he became the owner to all intents and purposes. The purpose of the parol evidence is to show an agreement by which his estate was to close, and he was to hold in trust for the wife and children of the bargainor on repayment of the purchase money; which is neither more nor less than a condition, by which his principal estate was to be defeated; in other words, a deed, absolute on its face, and vesting in the bargainee an absolute estate, is to be converted into a security for money, *Page 115 
and upon his estate being defeated, he is directed to convey to the wife and children of the bargainor, instead of the bargainor himself, which is a distinction without a difference, for, in either case, an absolute estate is defeated by parol evidence. In Shelton v. Shelton, a grandmother paidthe purchase money, and instead of taking the title herself, directed the title to be made to A, and, by parol, made a declaration of the trust in favor of her grandchildren. By force and effect of the deed. A acquired only the legal estate, and a trust would have resulted to the grandmother, by reason of her having paid the price, so the effect of the parol declaration was simply to direct the trust from herself and give it to the grandchildren.
In Riggs v. Swann, a father had mortgaged two slaves. The mortgagee agrees to take one of the slaves, absolutely, in satisfaction of the debt, and reconvey the other. The father directs the title (140) to be made to A, and, by parol, makes a declaration of the trust to wit, A is to hold in trust until the hire pays off a debt due him, and then in trust for two of the children of the mortgagor. A had paid nothing for the slave, and but for the declaration would have held the legal title, in trust, for the father. So, the effect of the declaration was simply to divest the trust from himself and give it to the two children after a debt was paid.
In these cases, the person to whom the deed was made never had the use or equitable estate, and the effect of the deed was simply to pass to him the legal title. But in our case the defendant, by force of the deed, acquired absolutely both the legal and equitable estate, and the attempt is, by parol evidence, to defeat his estate. "Note the diversity."
Although the plaintiffs have failed to establish their principal equity, there is a secondary equity disclosed by the bill. It is alleged that the defendant induced the wife of the plaintiff to give up to him the note for $350, which he had given to secure the balance of the purchase money, without paying anything for it, and under the delusive assurance that it was best for her to do so, because of the improvidence of the husband. So, the defendant holds the note thus fraudulently procured to be surrendered to him, and has never paid the amount due thereon. The demurrer admits these allegations and the fraud charged. It follows that it can not be sustained in respect to this note, and being bad as to part of the bill, it is bad as to all, according to a well settled rule of this Court.
It is also well settled that although a plaintiff may fail as to the principal equity which he seeks to establish, he may fall back on a secondary equity, provided it is not inconsistent with the principal equity, and the allegations in the bill are sufficient to raise it. It is certainly not inconsistent with the main purpose of the bill for the *Page 116 
plaintiffs, failing in that, to insist that the defendant should, at least, pay the full price, which he agreed to give, and not avail himself of a fraud in procuring the surrender of the note, which he had (141) executed as security for a part of it, and the allegations are made with sufficient certainty.
PER CURIAM. Demurrer overruled.
Cited: Shields v. Whitaker, 82 N.C. 521; Knight v. Houghtaling,85 N.C. 34; Wilkie v. Womble, 90 N.C. 255; Davis v. Ely,100 N.C. 284; Gorrell v. Alspaugh, 120 N.C. 367; Hughes v.Pritchard, 122 N.C. 62.