FIRST NATIONAL BANK OF SALISBURY v. W. A. FRIES and wife.

*Equitable Lien—Parol Trust—Transmission of Title Subject to Trust—Married Woman.*

1. Where husband and wife contracted for the purchase of a lot from C and it was virtually agreed between all parties that the deed should be made to the wife and deposited by the grantor with plaintiff as collateral security for a loan of $1100 to be used in building a house on the lot. and the deed was so made and deposited and the money was so lent and used; *Held,* That the transaction constituted a parol declaration of trust accompanying the transmission of title to the wife who took it subject to the trust which Equity will enforce in plaintiff's favor.

2. In such case, the wife is not entitled to a decree for the delivery of the deed to her until she "does equity" by paying the loan made for her benefit.

CIVIL ACTION tried at Spring Term, 1897, of ROWAN Superior Court before *Starbuck, J.,* and a jury. The facts appear in the opinion. The issues submitted to the jury and the responses thereto were as follows:

"1. Was the deed described in the complaint delivered, with the consent of Mrs. Fries, by the Central Land Company, or any person for them, to be held by bank in escrow until the note was paid?

Answer. 'Yes.'

"2. Was the deed described in the complaint delivered by the Central Land Company to the plaintiff upon an agreement with the defendant, W. A. Fries, professing to act as the agent of the defendant Mrs. Carrie M. Fries, that the plaintiff should hold said deed as security for the note described in the complaint, and that it should be delivered to Mrs. Carrie M. Fries upon the payment of said note?

Answer. 'Yes.'

"3. Was Mrs. Fries named as the grantee in said deed in

121—31

consideration of the said agreement mentioned in issue No. 2?

Answer.  'Yes.'

"4. Was the money borrowed from the bank for which said note was given used in erecting a residence upon the lot described in the deed?

Answer.  'Yes.'

"5. Was any part of the money borrowed from the bank for which said note was given used in the payment of the purchase-money for the lot described in said deed?

Answer.  'No.'

On the verdict, his Honor rendered judgment that the land be sold to pay the indebtedness due to the plaintiff and defendants appealed.

*Mr. Lee S. Overman,* for plaintiff.
*Mr. Theo. F. Kluttz,* for defendants (appellants).

Furches, J.: The defendants W. A. Fries and wife, Carrie M. Fries, contracted with The Central Land Company to purchase a vacant lot of land in East Salisbury. By agreement of parties the title to this lot was to be made to the *feme* defendant. And for the purpose of borrowing money from the plaintiff, it was agreed by the parties that this deed should be deposited by The Land Company with the plaintiff as collateral security for the payment of the money, which the plaintiff agreed to furnish the defendants to be used in building a house on said lot. The deed was so deposited and the plaintiff furnished money to defendants from time to time which was used by them in said building, to the amount of $1100; and the *feme* defendant afterwards executed her note to plaintiff for this amount. The note has not been paid, and the plaintiff brings this action to have its debt declared a lien on this lot, and, if not paid, a sale of the lot and appropriation of the proceeds to the payment of its debt.

BANK v. FRIES.

The defendants answer and admit the execution of the note, deny the other allegations of the complaint, and the *feme* defendant prays for the equitable relief, as she calls it, requiring the plaintiff to deliver to her the deed for said lot.

The jury find that the deed was delivered to the plaintiff by the Land Company, with the consent of the *feme* defendant, to be held as an "escrow" until this note or the money for which it was given was paid, and that the money borrowed from the bank was used in improvements placed on said lot.

The *feme* defendant is not personally liable for the payment of this note. *McCaskill* v. *McKinnon*, at this term. And this Court has repeatedly held that a married woman cannot sell her land except by deed nor bind the same for the payment of the husband's debts, except by mortgage and privy examination. *Farthing* v. *Shields*, 106 N. C., 289.

But the *feme* defendant does not fall within the protection afforded married women by this line of authorities.

When The Central Land Company made the deed to the *feme* defendant, it was delivered to the plaintiff by the consent of the defendants, to be held by the plaintiff as collateral security for the money that plaintiff agreed to furnish the *feme* defendant to build a house on the lot, and, when this was paid, to be delivered to her. This was a parol declaration of a trust accompanying the transmission of the legal title, and not subject to the Statute of Frauds. *Sherrod* v. *Dixon*, 120 N. C., 60; *Shelton* v. *Shelton*, 58 N. C., 292. And the *feme* defendant took the title subject to this trust. She never has had the title to this lot except with this incumbrance upon it. The plaintiff is the holder of the deed, the legal title, though not the legal owner of the lot, under a parol trust in its favor to the extent of its debt. And in this way, it has such an interest as equity will enforce.

The *feme* defendant in her answer invokes the aid of

"equity" and asks that the plaintiff be decreed to deliver this deed to her. "Those who ask equity must do equity." The *feme* defendant does not own, and never has owned, this lot except with this encumbrance upon it. She never has paid a dollar for it and does not propose to do so, and we are unable to see in what her equity consists. To grant this prayer, it seems to us, would be to do a very inequitable thing, and would be such a decree as we have no warrant for making.

This Court has ever been careful to protect the estates of married women against the machinations and frauds of their husbands and others. But it cannot assist a married woman to practice a fraud by which she will acquire an estate, for which she has not paid and does not propose to pay a dollar. The judgment below must be affirmed.

Affirmed.