. W. C. AND G. H. JONES v. JULIA E. JONES AND
TENNIE E. JONES.

(Filed 13 December, 1913.)

1. **Deeds and Conveyances—Trusts—Exceptions.**

A parol trust, excepting one in favor of the grantor, may be established by parol declarations contemporarily made with the making of a deed to lands, or prior thereto and existent at the ·time it was executed and title passed, where, as in North Carolina, there is no controlling statute. to the contrary; but the ·exception as to the grantor in engrafting on his deed a parol trust in his own favor does not extend to his children when it is properly shown and established that the title to the land passed to grantee, to be held in trust for them. Revisal, sec. 979 (Laws 1715, ch. 7, sec. 21).

2. **Same—Consideration Recited.**

The consideration recited in a conveyance of lands is open to explanation by parol, and does not conclude the parties· from showing the actual consideration passed, except in so far as to prevent a resulting trust in favor of the grantor in the deed; and hence such deed reciting a valuable consideration does not prevent engrafting a parol trust on the lands conveyed when not in favor of the grantor, and sufficiently and properly proved and established.

3. **Deeds and Conveyances — Parol Trusts — Statute of Frauds — Equity.**

Engrafting a parol trust upon lands conveyed is not a contradiction or variance of the terms of the writing as expressed in

the deed in contemplation of the statute of frauds, for such is an incident attached to the title conveyed affecting the conscience of the grantee thereof.

APPEAL by defendant from *Adams, J.*, at April Term, 1913, of BUNCOMBE.

Civil action to establish a parol trust in a tract of land.

There was allegation with evidence on part of plaintiff tending to show that in March, 1897, G. T. Jones, now deceased, by deed of bargain and sale, reciting a valuable consideration paid, in the sum of $200, conveyed to his daughter, Julia, a valuable tract of land, the tract in controversy, and at the time of conveyance made, no consideration was paid, and the daughter took and held the land with the understanding and agreement existent at the time, that she would hold the land in trust for the grantor and then for his children, the present plaintiff and defendants; that said G. T. Jones having died, the defendant repudiated the said trust, insisting that the deed conveyed to her an absolute estate, and the present action was instituted to enforce the said trust in favor of the other children.

The allegations of complaint were fully denied in the answer, and motion for nonsuit was duly made and overruled.

The following issues were submitted and verdict rendered:

1. Was there a parol agreement between G. T. Jones and the defendant Julia E. Jones, at or before the delivery of the deed of 19 March, 1897, to the effect that said Julia E. Jones would accept said deed and hold the lands therein described for the benefit of said G. T. Jones during his lifetime? Answer: No.

2. Was there a parol agreement between G. T. Jones and the defendant Julia E. Jones, at or before the delivery of the deed of 19 March, 1897, to the effect that said Julia E. Jones would hold the lands therein described for the benefit of the children of G. T. Jones, after his death, to wit, W. C. Jones, G. H. Jones, Julia E. Jones, and Tennie Jones? Answer: Yes.

3. Is plaintiffs' action barred by the statute of limitations? Answer: No.

4. What is the annual rental value of said land? Answer: Nothing.

164—21

Judgment on verdict for plaintiff, and defendant Julia E. Jones appealed.

*Wells & Swain for plaintiff.*

*James H. Merrimon and Harkins & Van Winkle for defendant.*

HOKE, J., after stating the case: It was earnestly insisted for defendant, as we understood the position, that a trust of this character could not be engrafted on a deed of bargain and sale, because the deed itself contained a declaration of the use in favor of the grantee, and, being in writing, the same could not be contradicted by parol evidence.

2. That the recital of a valuable consideration of $200, contained in the written deed, would prevent the establishment of such a trust by parol; but a long series of authoritative decisions, in this State, are against defendant on both of these positions.

In *Gaylord v. Gaylord,* 150 N. C., 227, the Court said: "The seventh section of the English statute of frauds, forbidding 'the creation of parol trusts or confidences of lands, tenements, or hereditaments, unless manifested or proved by some writing,' not being in force with us, and no statute of equivalent import having been enacted, these parol trusts have a recognized place in our jurisprudence and have been sanctioned and upheld in numerous and well considered decisions," citing *Avery v. Stewart,* 136 N. C., 436; *Sykes v. Boone,* 132 N. C., 199; *Shelton v. Shelton,* 58 N. C., 292; *Strong v. Glasgow,* 6 N. C., 289.

In *Gaylord's case* the effort to establish the trust in favor of the grantor in the deed failed, the controlling principle on that question being stated as follows: "Upon the creation of these estates, however, our authorities seem to have declared or established the limitation that except in cases of fraud, mistake, or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass."

It was no doubt in deference to this principle that a verdict on the first issue was rendered in favor of defendant, that issue being addressed to the interest alleged in favor of G. T. Jones, the grantor in the deed; but as to the children who were not directly parties to the instrument, it is well established that a parol trust of this kind may be established by parol declarations cotemporary with the making of the deed or prior thereto, and existent at the time the same was executed and title passed. See cases referred to of *Sykes v. Boone, supra,* and *Avery v. Stewart* and *Wood v. Cherry,* 73 N. C., 110, and the numerous authorities therein referred to.

In reference to defendant's position that the deed itself contained a written declaration of the use in favor of the grantee: in former times interests of this kind ordinarily arose and were made effective in conveyances at common law and operating by transmutation of possession as in case of feoffments, etc.; but as early as 1715 and by subsequent statutes it was provided that "written deeds conveying land in this jurisdiction, when properly proved and registered, shall operate to all intents and purposes as if such title had been made by fine, common recovery, livery of seizin, attornment, or in any other ways used and practiced within the kingdom of Great Britain." Laws 1715, ch. 7, sec. 2; 1 Potter's Statutes, p. 105.; Revised Statutes, ch. 37, sec. 1; present Revisal, sec. 979.

Since the enactment of this statute, the courts, in administering the doctrine of parol trusts, have treated these deeds of bargain and sale and other written instruments formally conveying land, when properly proved and registered, as feoffments, and have upheld these interests when established by proper testimony.

In *Rowland v. Rowland,* 93 N. C., 221, *Ashe, J.,* speaking to the position now urged for defendant, said: "But it may be objected that as the deed is one operating under the statute of uses, no further use can be raised by it, for a use cannot be limited on a use. To this we have to say, that since the year 1715 our courts have been gradually receding from the rules of the common law in the construction of deeds. By the act

passed that year, it was enacted that the registration of deeds should pass lands without livery of seizin. The construction first put upon this act was, that it only applied to such deeds as operated at common law by livery of seizin. *Hogan v. Stray-horn,* 65 N. C., 279. But our courts, in their policy of relaxing the rigid and technical rules of common law, have since extended the construction so as to bring all of our deeds of conveyance within the purview of that statute. Thus it has been held that deeds of bargain and sale and covenants to stand seized to uses are put on the same footing with feoffments at · common law, with respect to seizin, the declaration of uses thereon, and the consideration. *Love v. Harbin,* 89 N. C., 249, and *Ivy v. Granberry,* 66 N. C., 223. Prior to that statute, and the more recent interpretation upon it, if there was a deed of bargain and sale upon a consideration, the consideration raised· a use for the · bargainee, and then the statute transferred ·the legal estate to the use, that is, to the bargainee, but no further use could be declared by the deed, for it was held a use could not be mounted upon a use. But there is no reason now why it may not be done, since the registration of the deed has all the effect of livery of seizin."

And, on the second position contended for by defendant, that the recital of a valuable consideration of $200 in the written deed should prevent the enforcement of the trust as claimed, it was held in *Barbee v. Barbee,* 108 N. C., 581, that the recital of consideration paid, in a written deed, was not contractual in character and did not conclude except in so far as it may serve to prevent a resulting trust in favor of the grantor; otherwise, and even as between the parties to the deed, such recital is open 'to denial or explanation by parol, and while the actual payment of a valuable consideration to the grantor of a deed or by the grantee may, under some circumstances, be allowed as controlling, the mere recital of such consideration is, as stated, always open to explanation. It is further held in numerous cases that, in the absence of a statute dealing specifically with parol trusts, the general provisions of our statute of frauds, requiring contracts concerning land to be in writing, in no way

affect their validity, nor the evidence by which they may be established. Speaking directly to this question in *Shelton v. Shelton, supra, Chief Justice Pearson,* delivering the opinion, said: "It was suggested on the argument that a declaration of trust falls within the operation of the act of 1819, Rev. Code, ch. 50, sec. 11, 'All contracts to sell or convey land or any interest in or concerning land shall be in writing.' The construction of this statute is fully discussed in *Hargrave v. King,* 40 N. C., 430; *Cloninger v. Summit,* 55 N. C., 513. A bare perusal of the statute will suffice to show that it cannot, by any rule of construction, be made to include a declaration of trusts, so as to supply the place of the section of the English statute of frauds in regard to a parol declaration of trusts, which our Legislature has omitted to reënact. It was also suggested that a verbal declaration of trust cannot be proved without violating the rule of evidence, 'A written instrument shall not be altered, added to, or explained by parol.' The reply is, if this position be true, the English statute in respect to the declaration of trusts was uncalled for, and the doctrine of verbal declaration of trusts would not have obtained at common law. The truth is, neither the declaration nor the implication of a trust has ever been considered as affected by that rule of evidence. The deed has its full force and effect in passing the absolute title at law, and is not altered, added to, or explained by the trust, which is an incident attached to it, in equity, as affecting the conscience of the party who holds the legal title." A position qualified to some extent, as we have seen, in *Gaylord's case,* where it is sought to establish a trust in favor of the grantor in the deed, but otherwise still effective and controlling. This has been the uniform ruling in this jurisdiction and is now too firmly established to permit of further question.

There is no error, and judgment for plaintiff is affirmed.

No error.