CHARLES S. THOMPSON v. ERNEST P. DAVIS AND WIFE, EVA W. DAVIS, AND J. M. McKENZIE.

(Filed 12 January, 1944.)

**1. Frauds, Statute of, § 12: Trusts § 1b—** .

The section of the English statute of frauds relating to parol trusts has not been enacted in North Carolina and our present statute, G. S., 22-2, has no application to such trusts and does not prohibit their establishment by parol evidence. And such proof is not a violation of the rule prohibiting parol evidence to contradict, alter or explain a written instrument.

**2. Trusts § 1b: Husband and Wife § 12a—**

The fact that the title is an estate by the entireties presents no obstacle to the enforcement of the equity of a parol trust, if properly shown to exist.

**3. Trusts § 1b—**

While the evidence to establish a parol trust must be clear, strong and convincing, it is the province of the jury to say whether it is of that nature.

**4. Same—**

Where plaintiff and two of defendants, in forming a partnership, agreed to purchase a certain lot for that purpose, title to be taken in the name

of the partners, and plaintiff paid approximately one-third of the down payment to one of defendants, who with the other defendant was to take care of the balance, until the earnings of the partnership should suffice for the deferred payments, and the defendant to whom the money was paid took title to the property in himself and his wife, without the knowledge of the other partners, there is evidence of a parol trust and motion for judgment as of nonsuit was properly overruled.

**5. Pleadings § 21—**

The allowance or denial of a motion to amend an answer, made after the time for answering had expired, is in the discretion of the court.

**6. Trusts § 1b: Partnership § 3—**

In a suit to impress realty with a parol trust in favor of a partnership, there is no reversible error in the admission of evidence of the partnership affairs, occurring after a reference for an accounting, showing that profits were used to enhance the value of the realty in question and that rents from such realty went into the partnership fund.

**7. Trial § 31—**

The use of the formula "the evidence tends to show" is not an expression of opinion upon the evidence in violation of C. S., 564.

**8. Trusts § 1b—**

In a suit to impress realty with a parol trust for the benefit of a partnership, where proper instructions have been given, there is no error in the submission of the issue, "Do defendants (naming them) hold the legal title to the property described in the complaint as trustees for the partners (naming them)?"

APPEAL by defendants Davis from *Burney, J.,* at August Civil Term, 1943, of NEW HANOVER.

*Rountree & Rountree and Aaron Goldberg for plaintiff, appellee.*
*W. L. Farmer and W. F. Jones for defendants Davis, appellants.*

SEAWELL, J. The plaintiff brought this action to wind up the affairs of a partnership and to establish and enforce a parol trust with respect to certain lands held by defendants E. P. Davis and his wife, Eva W. Davis, by an absolute or fee simple deed of bargain and sale. Matters relating to the partnership and partnership accounting were referred, and are not involved in this appeal. The issue as to the parol trust went to the jury, and the present appeal is concerned with this phase of the case alone. The record is voluminous, and to conserve space we must content ourselves with summarizing such portions of the proceedings and of the evidence as may be pertinent to the exceptions considered.

The plaintiff was successful in the court below; and the exceptions of the appealing defendants raise the following questions for our decision: Was the trial court justified in overruling defendants' demurrer to the

complaint as not stating a cause of action with respect to the alleged parol trust? Did the court commit error in overruling defendants' demurrer to the evidence and motions for judgment as of nonsuit? Was there error in refusing to grant defendants' motion for leave to amend their answer so as to set up a plea of estoppel against the plaintiff arising out of the alleged rental by the partnership of the premises in controversy? Was evidence concerning partnership matters improperly admitted? Was the judge's charge offensive to C. S., 564, in expressing an opinion, or prejudicial in dealing generally with the subject of parol trusts, or in its expressions with reference to fraud? Was the issue submitted to the jury proper?

These we consider in order. But since the defendants, in addition to a general denial, have challenged plaintiff's whole case by a plea of the statute of frauds, it will shorten the discussion and save repetition if we try to remove some misconceptions—if they appear to exist—as to the circumstances under which a parol trust with respect to lands may be asserted in our jurisdiction.

The seventh section of the English Statute of Frauds (Stat. 29, Car. II, c. 3, s. 7), relating to the creation of parol trusts and the manner in which they shall be evidenced or manifested, has not been enacted in North Carolina. *Peele v. LeRoy,* 222 N. C., 123, 22 S. E. (2d), 244; *Brogden v. Gibson,* 165 N. C., 16, 80 S. E., 966; *Jones v. Jones,* 164 N. C., 320, 80 S. E., 430; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Riggs v. Swann,* 59 N. C., 118; *Shelton v. Shelton,* 58 N. C., 292. Our present statute, G. S., 22-2; C. S., 988 (Rev., 976, Code, ss. 1554, 1743; 1819, ch. 1016), has no application to such trusts, and does not prohibit their establishment by parol evidence. Speaking to the contrary suggestion, *Justice Hoke,* in delivering the opinion for the Court in *Jones v. Jones, supra,* at p. 325 quotes with approval *Chief Justice Pearson* in *Shelton v. Shelton, supra,* as follows:

" 'It was suggested on the argument that a declaration of trust falls within the operation of the Act of 1819, Rev. Code, ch. 50, sec. 11, "All contracts to sell or convey land or any interest in or concerning land shall be in writing." The construction of this statute is fully discussed in *Hargrave v. King,* 40 N. C., 430; *Cloninger v. Summit,* 55 N. C., 513. A bare perusal of the statute will suffice to show that it cannot, by any rule of construction, be made to include a declaration of trusts, so as to supply the place of the section of the English statute of frauds in regard to a parol declaration of trusts, which our Legislature has omitted to re-enact.' "

Parol evidence introduced to establish such a trust does not violate the rule of evidence prohibiting the admission of parol evidence to contradict, alter or explain a written instrument, since such is not its

purpose or effect. Dealing with this contention, we find in *Shelton v. Shelton, supra*—repeatedly cited in this connection, the following:

"It was also suggested that a verbal declaration of trust cannot be proved without violating the rule of evidence, 'A written instrument shall not be altered, added to, or explained by parol.' The reply is, if this position be true, the English statute in respect to the declaration of trusts was uncalled for, and the doctrine of verbal declaration of trusts would not have obtained at common law. The truth is, neither the declaration nor the implication of a trust has ever been considered as affected by that rule of evidence. The deed has its full force and effect in passing the absolute title at law, and is not altered, added to, or explained by the trust, which is an incident attached to it, in equity, as affecting the conscience of the party who holds the legal title." The qualification that such a trust cannot be thus established in favor of the grantor without an allegation of fraud or mistake stands upon a different footing and has no application to the facts in the case at bar.

It has been frequently stated that in properly constituted cases indicating the propriety of equitable relief in declaring and enforcing a parol trust, the formal deed by which the legal title is held is regarded as a feoffment not inconsistent with the trust sought to be established. *Jones v. Jones, supra; Anderson v. Harrington,* 163 N. C., 140, 79 S. E., 426; *Rowland v. Rowland,* 93 N. C., 214; Laws of 1715, ch. 7, sec. 2; Rev., sec. 979; C. S., 3308; G. S., 47-17. The statutes have varied somewhat in the course of codification and re-enactment, but the policy of interpretation has remained substantially the same. When an equity of the sort attempted to be asserted here supervenes, the holder of the deed by bargain and sale is considered vested merely with the naked legal title with respect to the trust when properly proven. *Creech v. Creech,* 222 N. C., 656, 663, 24 S. E. (2d), 642; 26 R. C. L., Trusts, sec. 73.

The fact that the defendant E. P. Davis took title to himself and wife, Eva W. Davis, presents no obstacle to the enforcement of the equity, if properly shown to exist. Under the evidence in the case, the jury might infer that the defendant Davis paid for the property partly with the money obtained from the plaintiff, Thompson; and in that event, the interest of his wife under the deed would be presumed to be a gift from the husband, and her position as a beneficial holder of an interest in the property would not be tenable. *Carter v. Oxendine,* 193 N. C., 478, 137 S. E., 424.

In view of these precedents, we examine the complaint and the evidence.

The Complaint. Condensing the text, it is alleged in the complaint that the plaintiff Thompson, J. M. McKenzie, and the defendant Davis, in the process of forming a partnership to operate a parking lot near

the North Carolina Shipbuilding Company's plant in Wilmington, North Carolina, agreed amongst themselves, in consideration of the forming of such partnership, to purchase for the partnership a convenient lot from B. B. Cameron, Jr., which is described in the complaint, the title thereto to be held by the partners in common. The execution of the plan was entrusted to the defendant Davis. The terms of purchase required a down payment, the business of the partnership to take care of deferred payments as they became due. The plaintiff, it is alleged, contributed his quota of the down payment before the property was purchased. But, it is further alleged, in violation of the agreement and with intent to defraud plaintiff and the other partner out of their interest in the property, defendant fraudulently procured the title to be made to himself and wife, and, repudiating the agreement, attempts to hold the property as his own to the exclusion of any interest therein the plaintiff may have. Formal parts of the complaint show no defect.

In our opinion, the complaint sufficiently states a cause of action and the demurrer was properly overruled.

THE EVIDENCE. Upon the motions for judgment of nonsuit, it is necessary to consider in this case only the showing made by the plaintiff. Plaintiff's evidence followed closely the allegations of the complaint. It tended to show that plaintiff Thompson, McKenzie, and the defendant Davis were forming a partnership to operate a parking lot, and mutually agreed to purchase the Cameron lot, near the Shipbuilding Company's plant, for the benefit of the partnership, the title to be taken in the name of the three partners, Thompson, McKenzie, and Davis; that Thompson paid $325 in cash to Davis to be applied on the down payment of purchase price, and that this cash payment was used, or paid to Fonvielle, the seller's agent, on the purchase price. This constituted almost—within a few dollars—one-third of the down payment—and the balance was to be taken care of by Davis until the earnings of the partnership were sufficient to satisfy the deferred payments. The plaintiff had trusted the transaction to Davis, who had been made manager of the partnership, and had never seen the deed. (The deed was dated 1 August, 1942, and is upon its face a deed of bargain and sale executed to E. P. Davis and wife, Eva W. Davis as grantees.) Having found out his name was not in the deed, he went to Davis seven or eight times, demanding that a conveyance be made to him for his part, or a change made in the title, and Davis refused. Finally, through dissatisfaction with Davis and his management of the partnership, plaintiff and McKenzie took over the management and continued therein until the present action was brought. Plaintiff was substantially corroborated by McKenzie in essentials as to the agreement and payments made on the purchase price.

Defendants' evidence sharply contradicted that of plaintiff, but on the whole evidence, these contradictions were for consideration of the jury. We are reminded that evidence to establish a parol trust must be "clear, strong and convincing." But whether it is of that nature, it is the province of the jury to say. *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45; *Hendren v. Hendren,* 153 N. C., 505, 69 S. E., 506. There is no exception to any failure of the court to properly instruct the jury in this respect. The evidence was properly submitted to the jury.

MOTION FOR LEAVE TO AMEND. The defendants moved to amend their answer so as to set up a plea of estoppel. The theory of estoppel appears to be based on a provision in the partnership agreement relating to rent: "Second: All profits which may accrue to said partnership after deduction of the sum of Two Hundred ($200.00) Dollars as a monthly rental," etc. The plaintiff testified that this referred to the two hundred dollars to be paid out of earnings on the purchase price of the property, and was so understood.

The record discloses that this motion was made after the time to answer had expired—in fact, when the case was called for trial. At that time it had become a matter of discretion with the court, and we cannot say the discretion was abused. *Wilmington v. McDonald,* 133 N. C., 548, 45 S. E., 864; C. S., 545; *Commissioners v. Blair,* 76 N. C., 136; *Goodwin v. Fertilizer Works,* 121 N. C., 91, 28 S. E., 192; McIntosh, Practice and Procedure, pp. 512 and 513, and cited cases.

The evidence on which defendant relied is equivocal, arising out of a factual situation entirely different from that before the Court in *Hare v. Weil,* 213 N. C., 484, 196 S. E., 869, and *Wolfe v. Land Bank,* 219 N. C., 313, 13 S. E. (2d), 533, and the defendants had full benefit on the issue of such inferences as the jury might draw from the conduct of the plaintiff as a member of the partnership. There is no evidence on the part of the plaintiff that he, or other members of the partnership, had ever paid Davis any rent on the property or had agreed so to do. The provision cited in the partnership agreement does not go so far. Moreover, the receiver later appointed, who used the property as that of the partnership, testified that no demand had been made on him for rent. It is in evidence, however, that rentals of buildings erected on the property were paid into the partnership funds. At any rate, the trial judge, we think, properly declined to permit the amendment when the case was called for trial.

THE ADMISSION OF EVIDENCE. The exception here is to the admission of evidence relating to the conduct of the partnership, when the partnership affairs, and partnership accounting, had been referred. It was practically impossible to avoid some reference to the partnership affairs. Some latitude in this respect was allowed on both sides of the contro-

versy. Included in this class of exceptions was evidence tending to show that earnings of the partnership were used to enhance the value of the lot, and that rentals from buildings erected on the lot were turned into the partnership fund, which was certainly competent as showing the dealings of the parties with the property in controversy. We are not prepared to say that the admission of evidence as to partnership matters, to the extent shown in the record, is so prejudicial as to justify a rehearing.

THE JUDGE'S CHARGE. The use of the convenient formula "the evidence tends to show" is not considered expression of an opinion upon the evidence in violation of the prohibition of C. S., 564. *S. v. Harris,* 213 N. C., 648, 197 S. E., 142.

Objection is made to the observations of the judge on the general subject of parol trusts and the method of their creation; and more particularly his use of the term "fraud" and his explanation of fraud in connection with the creation of such trusts. It is impossible here to set down *in extenso* the charge of the judge upon a subject which must necessarily comprehend a large part of the instructions and demand a frank treatment of the evidence. Suffice it to say that we cannot see that the court strayed too far from his immediate subject in presenting the law of the case, especially in view of the breadth of discussion here. And we cannot find that he has exceeded the language of judicial decision in discussing the question of fraud. *Gorrell v. Alspaugh,* 120 N. C., 362, 27 S. E., 85; *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775.

THE ISSUE. The issue submitted was: "Do the defendants, Ernest P. Davis and wife, Eva W. Davis, hold the legal title to the property described in the complaint as Trustees for Charles S. Thompson, J. M. McKenzie and Ernest P. Davis?" The defendants contend that it presents to the jury a mere question of law. That might be true in the absence of proper instructions. The suggestion is without merit where proper instructions have been given. The issue in this form is not unusual, and we do not find it objectionable. *Henley v. Holt,* 221 N. C., 274, 20 S. E. (2d), 62. See *Russell v. Wade,* 146 N. C., 116, 118, 59 S. E., 345. See also *Clinard v. Kernersville,* 217 N. C., 686, 9 S. E. (2d), 381.

The exceptions do not disclose any error justifying interference with the result of the trial.

No error.