F., M. PHILLIPS v. R. F. JOHNSTON.

*Purchaser at Sheriff's Sale--Junior Judgment--Evidence--Bankruptcy.*

1. Under the law as it was before the adoption of the Code, a purchaser under a junior judgment and levy acquired a good title as against a subsequent purchaser under a senior judgment and levy.

2. In an action by the former against the latter for the recovery of the land, evidence that the land had been sold to a third person before the judgment under which plaintiff purchased was obtained, is inadmissible.

3. The title of plaintiff is not affected by the fact that the judgment debtor went into bankruptcy before the Sheriff's sale.

(*Bell* v. *Hill,* 1 Hay. 72; *Jones* v. *Judkins,* 4 D & B. 454; *Isler* v. *Foy,* 66 N. C. 547; *Wade* v. *Saunders,* 70 N. C. 277, cited and approved.)

CIVIL ACTION for the Possession of Land, tried at Spring Term, 1877, of DAVIE Superior Court, before *Kerr, J.*

The case is sufficiently stated by Mr. Justice FAIRCLOTH in delivering the opinion of this Court. Upon the issues submitted and under the instructions of His Honor in the Court below, the jury rendered a verdict for the plaintiff. Judgment. Appeal by defendant.

*Messrs. J. M. Clement, W. H. Bailey, A. W. Haywood,* and *J. M. McCorkle,* for plaintiff.

*Messrs. Watson & Glenn,* for defendant.

FAIRCLOTH, J. The plaintiff sues for the possession of land purchased by him at Sheriff's sale on February the 6th, 1869, under an execution levied January the 2nd, 1868, and issued upon a judgment rendered against the defendant in December, 1867.

The defendant is in possession and claims title to the land under another Sheriff's sale made subsequent to the forego-

ing sale, under judgment and levy prior to those under which the plaintiff purchased, at which second sale one Clement bid off the land and assigned his bid to the defendant.

This case is governed by the law as it was before the adoption of the Code of Civil Procedure, being a sale under a levy made January 2nd, 1868 ; and the main question is, whether a purchaser under a junior judgment and levy acquires a good title as against a subsequent purchaser under a senior judgment and levy. This has too long been settled to need any discussion now. It was held affirmatively in *Bell* v. *Hill*, 1 Haywood 72, and in *Jones* v. *Judkins*, 4 D. & B. 454 ; and uniformly so ever since.

The defendant then endeavored to prevent a recovery by showing that he had conveyed title to one Foard by deed of bargain and sale before the plaintiff had his judgment. His Honor was right in refusing to hear such evidence, as the well settled rule is, that " a purchaser at a Sheriff's sale *as against the defendant in the execution who withholds the possession* is entitled to recover *as of course,* and the debtor cannot justify his act of refusing to give up the possession on the ground of title in a third person." *Wade* v. *Saunders,* 70 N. C. 277. It is not his privilege to insist on the rights of a third party, if he should have any, not even if such party was a co-defendant as was decided and illustrated in the case of *Isler* v. *Foy,* 66 N. C. 547.

The plaintiff's title is not affected by the fact that his judgment debtor filed his petition in the Bankrupt Court before the Sheriff's sale and was finally discharged.

The plaintiff's lien was of a prior date and was not divested by that circumstance, and under our decisions he had the right to complete his remedies and reduce the fruits of his purchase into possession in the State Courts. It has been decided in the Supreme Court of the United States also, that the jurisdiction of the Federal Courts for the benefit of an Assignee in Bankruptcy is concurrent with, and does not

divest that of the State Courts in matters of which the latter has full cognizance. *Eyster* v. *Gaff*, 91 U. S. (1 Otto,) 521. No error.

PER CURIAM.                                            Judgment affirmed.