W. N. McKEE v. THOMAS L. VAIL.

*Parol Agreement Concerning Land—Statute of Frauds.*

1. A *parol* agreement between A and B, that A will buy B's land at execution sale and that B may subsequently have the land at the price bid with interest, is void under the statute of frauds, in the absence of any equitable element in B's favor.

2. In such case B can not complain that A acted as deputy sheriff in the appointment of appraisers of his land before the sale, there being no allegation of fraud.

CIVIL ACTION, tried at Fall Term, 1877, of MECKLENBURG Superior Court, before *Kerr, J.*

It was alleged, among other things, that in 1868 one Davis recovered a judgment against the plaintiff, upon which an execution issued and was levied by the sheriff on the land of plaintiff; that defendant, being aware of the plaintiff's embarrassments and desiring to aid him, agreed to buy the land at sheriff's sale, and hold the same for plaintiff's benefit and reconvey to him on payment of the purchase money and interest; that it was thereafter bought at said sale by defendant, and the plaintiff remained in possession under the alleged agreement until he was ejected.

by proceedings instituted by defendant; wherefore judgment was demanded that defendant be declared a trustee for plaintiff, and for an account, &c. The defendant denied the material allegations of the complaint, in respect to the said agreement, and alleged that the plaintiff's occupancy after the sale was by virtue of a contract of tenancy entered into between them, and that he subsequently did offer, voluntarily and by parol, to let plaintiff repurchase the land on payment of the purchase money, together with other claims he held against him, but denied that plaintiff ever complied therewith.

The issues raised by the pleadings were submitted to the jury, and with their findings thereon, are as follows:—

1. Did defendant before the sale agree with plaintiff to buy the land provided it did not sell for too high a price, and reconvey to plaintiff on being reimbursed the purchase money and six per cent interest thereon? Ans.—No.

2. Did plaintiff offer within a reasonable time to pay defendant the purchase money with interest, and was he then able to have paid the same? Ans.—Yes.

3. Was the conduct of defendant calculated to suppress bidding at the sale and prevent the land from bringing a fair price? Ans.—No.

4. Did defendant act as deputy sheriff in the appointment of appraisers of the plaintiff's land; if so, did he act with or without the knowledge or consent of plaintiff, or did defendant merely take the order at the request of the sheriff? Ans.—Without the knowledge of plaintiff.

And thereupon His Honor gave judgment in favor of the defendant and the plaintiff appealed.

*Messrs. Jones & Johnston,* for plaintiff.
*Messrs. Wilson & Son* and *R. Barringer,* for defendant.

Reade, J. The action is founded upon the idea that the

defendant promised the plaintiff that when plaintiff's land should be sold under execution, he, the defendant, would buy it if it did not go too high, and that plaintiff might subsequently have the land at the price bid and interest. And that the defendant did buy the land at the sale and took a deed from the sheriff, and subsequently the plaintiff offered to pay the defendant the amount he paid for the land and the interest on the amount, and demanded a deed which the defendant refused.

Suppose the facts were as alleged, still the plaintiff would not be entitled to recover. The statute of frauds requires contracts for the conveyance of lands to be in writing. Here is no writing and no equitable element to supply the place. The plaintiff did not furnish the money to pay for the land, nor was there any contrivance by which the bidding was suppressed and the defendant enabled to get the plaintiff's land at an undervalue. The defendant paid his own money and the sale was fair. But the finding of the jury by which the Court is bound cuts up the plaintiff's claim by the roots,—the jury find that the defendant made the plaintiff no promise whatever in regard to buying the land.

There is an allegation supported by the finding of the jury that the defendant acted as the friend of the sheriff in delivering a summons to the persons who appraised the land, and that at the request of the sheriff he filled a blank in the summons with the name of a person of his own choosing, in the place of one designated by the sheriff, who could not serve. But there is nothing beyond the simple fact that he did so, and no finding of fraud, and therefore there is nothing of which the plaintiff could complain.

No error.

Per Curiam.                    Judgment affirmed.