### H. MULHOLLAND v. R. W. YORK.

#### *Evidence—Parol Trust.*

1. It is admissible to prove by the verbal testimony of the sheriff who con-
ducted an execution sale that he handed the writs of *ven. ex.* after the
sale to the defendant, to endorse the proper returns and prepare the
conveyance ; and that the defendant individually, and not in a repre-
sentative capacity, was returned as the bidder.  The witness testifies
to *facts* which are *collaterally* investigated.

2. Where one purchases land at an execution sale under a verbal agree-
ment with the execution defendant that he shall be allowed to redeem
on repayment of the purchase money, a trust is established between
the parties ; and when the trustee, so constituted, at a sale thereafter
made by the assignee in bankruptcy of such execution defendant, bids
in the same property to protect and disencumber the title, he will hold
it subject to the trust and right of redemption growing out of the orig-
inal agreement.

(*Reynolds* v. *Magness,* 2 Ired., 26 ; *Pollock* v. *Wilcox,* 68 N. C , 46 ; *Wil-
son* v. *Miller,* 69 N. C., 137 ; *Phillips* v. *Johnston,* 77 N. C., 227 ; *Turner*
v. *King,* 2 Ired. Eq., 132 ; *Vannoy* v. *Martin,* 6 Ired. Eq., 169 ; *Vestal*
v. *Sloan,* 76 N. C., 127, cited and approved, and *McKee* v. *Vail,* 79 N.
C., 194, commented on.)

CIVIL ACTION tried at Fall Term, 1879, of CHATHAM Su-
perior Court, before *McKoy, J.*

The jury found the issues in favor of the plaintiff, judgment, appeal by defendant.

*Mr. John Manning*, for plaintiff.
*Mr. G. V. Strong*, for defendant.

SMITH, C. J. The object of this action is to charge with a trust, in favor of the plaintiff, certain lands that had belonged to him, and were bought at a sheriff's sale under execution, and again at a sale by his assignee in bankruptcy, by the defendant, under an arrangement that the plaintiff might redeem on repayment of the purchase money, the same being paid in full. The answer denies the alleged agreement; the existence and validity of any trust to be supported by parol proof, the repayment of the money, and sets up the statutes of limitations in bar. Issues were thereupon submitted to the jury who find :

1. The defendant bought the plaintiff's lands at the execution sale under an agreement with the plaintiff that when he was reimbursed the purchase money and interest, he would reconvey the same to the plaintiff.

2. That the price paid by the defendant with interest is eight hundred and seventy-seven dollars and fifty cents, and the plaintiff has paid him nine hundred and twenty-seven dollars and thirty-one cents, an excess of about fifty dollars.

3. Three years have not elapsed since the plaintiff demanded and the defendant refused to reconvey the land.

The defendant's exceptions will be considered in the order in which they appear on the record :

1. During the examination of G. J. Williams, the sheriff who sold the land, and a witness for the plaintiff, he was allowed, after objection, to testify that he handed the writs of *ven. ex.*, after the sale to the defendant to endorse the proper returns and prepare the deed of conveyance, and that

R. W. York individually, and not as attorney, was returned as the bidder. The witness testifies to facts, and the evidence is not rendered incompetent because those facts were to be or are embodied also in a written official return. Besides, they are collateral matter, not within the rule which requires the production of the writing. *Reynolds* v. *Magness,* 2 Ired., 26; *Pollock* v. *Wilcox,* 68 N. C., 46; *Wilson* v. *Miller,* 69 N. C., 137.

2. The defendant proposed to show an arrangement made in the plaintiff's absence, by which an execution creditor was to be paid and by whom, and was not allowed : We see no ground on which any outside arrangement between the creditor and others for the payment of the debt, is pertinent to a controversy in which it is admitted that the defendant did advance the purchase money, and the alleged consequences of the payment only are disputed or relevant to any of the issues.

3. The defendant asked and was not permitted to have an additional issue submitted to the jury—" Have the parties treated the lands upon the footing of a trust, the plaintiff as *cestui que trust,* and the defendant as trustee; or have they treated it as an absolute sale, the defendant as landlord, the plaintiff as tenant ? The rejection of the issue may be sustained upon two grounds, first, the matters of fact contained in it are substantially included in the other issues ; and secondly, the proposed issue involves a question of law and not the facts upon which the law depends.

4. During the trial the court was moved to rule out all the parol evidence tending to show the alleged trust, as being within the statute of frauds; and especially all such as applied to the purchase at the assignee's sale. The denial of this motion presents the important point in the cause.

There is little difficulty felt in determining the last branch of the proposition. If an effectual trust was created by the

agreement and attaches to a purchaser at the sheriff's sale, it follows and attaches to that at the assignee's sale, which was only to confirm what was supposed to be a doubtful title. This will be manifest from two considerations : first, the substance of the contract is that the trust should arise and attach to the legal title when acquired by the defendant, and he cannot evade the obligation by refusing to take the sheriff's deed and taking that of the assignee; and secondly, the sheriff's sale was regular and sufficient to pass the title under his deed, inasmuch as the levy was made and the lien existed before the commencement of proceedings in bankruptcy. The assignee may take charge of encumbered property of the bankrupt, but he is not obliged to do so when the encumbrance is beyond its value, and the lien may be enforced in the state courts. *Eyster* v. *Gaff*, 91 U. S., 521 ; *Phillips* v. *Johnston*, 77 N. C., 227.

The enquiry is then narrowed to a single proposition : Can a trust, attaching to land, be evaded by a parol contract entered into between the debtor and his attorney, that the latter will buy the debtor's land at the execution sale, hold for his benefit, and reconvey on being reimbursed the money paid for it? In our opinion a trust may be thus formed, and it will be enforced on the ground of fraud in the purchaser in obtaining the property of another under a promise to allow him to redeem, and attempting afterwards to appropriate it to his own use. The principle is illustrated in several cases in our own reports, which will be briefly adverted to.

In *Turner* v. *King*, 2 Ired. Eq., 132, the defendant verbally agreed with the plaintiff to buy in his lands, about to be sold under execution, and allow him to redeem on repayment of the purchase money ; and this being known to the bidders, two of them desisted, and the defendant bought, for one hundred and ninety dollars, lands worth four hundred and fifty. On a bill to redeem, DANIEL, J., uses this

language : " The attempt of the defendant to set up an ir-redeemable title, after the agreement he entered into, is such a fraud as this court will relieve against."

So in *Vannoy* v. *Martin*, 6 Ired. Eq , 169, the defendant made a similar agreement with one Kelly, a lessee of the plaintiff, that the plaintiff might redeem on returning the price and paying a small sum due on an unsettled account; and relying on the promise, the lessee made no further effort to raise the money, pay the debt and relieve the land. " We are satisfied," say the court; " that he (the defendant) made representations to that effect at the time of sale, which prevented the plaintiff's lessee, Kelly, or some other friend at his instance, from stopping the sale by paying off the amount due on the executions, or buying in the land for the plaintiff, and enabled the defendant, Martin, to purchase it at an under-value. *In either case it would be a gross fraud upon the plaintiff*, if the said defendant were permitted to set up an absolute title to the land, which it is the duty of a court of equity to prevent, and, in the way of preventing which, the act making void parol contracts for the sale of land does not stand."

The doctrine is reaffirmed, in *Vestal* v. *Sloan*, 76 N. C., 127, where facts almost identical with those in the present case were before the court, and PEARSON, C. J., says: "At the sale, plaintiff agreed to buy the land for Sloan and hold the title in trust to secure the amount of his bid and also the amount due to his wards. The whole amount is fixed at six hundred dollars. This constituted the relation of trustee and *cestui que trust*. By a sale of a part of the land, the defendant paid to the plaintiff five hundred dollars, and he also paid one hundred dollars, so that he had redeemed his land, except a balance of interest."

These adjudications proceed upon the assumption that the debtor, trusting to the good faith of the party promising, and lulled into a false security, may have desisted, in conse-

quence of the assurance, from making other efforts to prevent the sale and sacrifice of his property, and it would be a fraud in the purchaser to take advantage of the confidence and hold it thus acquired, for his own use, and to the injury of the owner.

We have not overlooked the more recent case of *McKee* v. *Vail*, 79 N. C., 194, wherein Mr. Justice READE declares such a contract, when not in writing, void. No authority was cited for the proposition, and it was not involved in the decision, since the jury find there was no contract, parol or other, to which it could apply. Moreover, in that case there was no confidential relations subsisting between the parties, and the promise, if made, was a mere gratuitous undertaking, supported by no consideration and without any equitable element. We prefer to adhere to the train of preceding decisions.

The record does not show that objection was made to the evidence, other than has been already noticed, and its sufficiency to warrant the findings of the jury, except that it was not in writing, and none other was competent to set up the trust. This, as we have seen, is not sustained by authority, and there was no error in admitting it. But the trust does not attach to the fifty acres conveyed by the defendant's own deed, the title to which, though the land may be comprised within the boundaries of that described in the assignee's deed, is not derived under it.

The plaintiff is entitled only to have reconveyed to him such estate as the defendant acquired in the lands purchased, as well at the sheriff's as at the assignee's sale. There is no error and judgment will be entered according to this opinion.

No error.                                    Affirmed.