\* JAMES M. CHEEK v. JOHN H. WATSON and others.

*Parol Trust—Evidence—Impression of By-standers.*

1. Where the plaintiff sues for the possession of land purchased by him at a judicial sale, and the defendant asserts an equity attaching to the estate by virtue of a distinct agreement that the plaintiff would buy the land for the defendant, and re-convey to him upon being reimbursed the sum bid and accruing interest, it is competent, after evidence has been given of an express promise on the plaintiff's part to purchase for the defendant conformably to such agreement, to show *as a fact* that there was a general impression among the by-standers at the sale that such an understanding existed, and that, in consequence, there was no competition among bidders.

2. Such evidence of what the by-standers understood is also admissible as corroborative of the defendant's statement as to what was the actual agreement.

(*Neely* v. *Torian*, 1 Dev. & Bat. Eq., 410; *Mulholland* v. *York*, 8 2 N. C., 510, cited and approved.)

---

\* Ruffin, J., having been of counsel, did not sit on the hearing of this case.

CIVIL ACTION to recover land tried at Spring Term, 1881, of ORANGE Superior Court, before *Avery, J.*

Defendant appealed from the judgment below.

*Mr. John Manning,* for plaintiff.

*Messrs. J. W. Graham* and *Reade, Busbee & Busbee,* for defendants.

SMITH, C. J. The defendant does not controvert the title to the land acquired by the plaintiff under the sale and deed of the assignee in bankruptcy, but asserts an equity attaching to his estate therein by virtue of a distinct antecedent agreement between them, that the plaintiff would buy the land for the defendant, and reconvey to him upon being reimbursed the sum bid and accruing interest, in consequence of which the plaintiff having but a single competing bidder, was enabled to buy the land for about one-third of its actual value, and which it would have then brought but for the reluctance of others to bid against the defendant.

The plaintiff denies the agreement and the consequent trust, and the issue as to this disputed fact was among others submitted to the jury.

On the trial the defendant testified to a conversation had with the plaintiff on the morning of the sale, in which he told the plaintiff that two persons, his brother-in-law and another whose name he gave, had each proposed to buy the lot and allow him to redeem on paying the amount of the bid, and thereupon the plaintiff agreed to bid off the lot and permit him to redeem on the same terms; that he at once informed those persons of this agreement with the plaintiff and neither of them made a bid at the sale.

The brother-in-law, Suggs, testified in corroboration of the defendant and said that he had gone to the sale to buy the lot for the defendant, and would have done so but for the

defendant's communication of his agreement with the plaintiff.

The defendant's counsel then proposed to show that an impression prevailed among those present at the sale, that the plaintiff was bidding in the interest of the defendant, but without bringing the fact to the plaintiff's knowledge. The evidence was rejected by the court, and to this ruling the defendant excepts.

We propose to examine into the correctness of this action of the court.

The defendant had testified to the fact of a previous explicit understanding with the plaintiff, that he would bid on and buy the property and give the defendant an opportunity and time to redeem, and that the lot then worth $700 was bought for $176. It was certainly competent then to supply the connecting link between these separate facts and prove that the knowledge or belief of the bidders ( or the prevailing impression among them ) that the arrangement had been made for the defendant's benefit, caused them (as did information of it the brother-in-law) to refrain from competing with the plaintiff, then understood to be acting for the defendant, and he was thus allowed to obtain the lot at so reduced a price. This effect and the prevailing impression, whether produced by report or personal observation of the conduct of the parties on the occasion, to which it must be attributed, following the fact of an actual previous arrangement between them, constitute an important element in the asserted equity itself, as the means whereby the property was acquired for so inconsiderable a part of its value. As such, it would seem this general impression controlling the conduct of bidders, was susceptible of proof as a *fact in the case.* If the offer was to ascertain from the opinion of one witness the opinion of others, it was properly refused. But if the purpose was, and we so understand the record, to prove as a fact the same influence operating on a

large number of others, which restrained the brother in-law from participating in the sale, it was certainly competent evidence in charging the estate thus acquired with the alleged trust.   We are sustained in our estimate of the value of the evidence by the case of *Neely* v. *Torian,* 1 Dev. & Bat. Eq., 410, cited in the brief of defendant's counsel, wherein Judge GASTON delivering the opinion says: "Whatever difficulty there may be in ascertaining the truth of this transaction in other respects, it is certain that an *almost universal belief prevailed among those present at the sale,* that the defendant was purchasing or bidding as a friend to the plaintiff, and under some agreement for the benefit of the plaintiff.   Fourteen persons who were present at the sale have been examined, and eleven of these, and among them the trustee and the crier who conducted the sale, state explicitly, that such was their impression, and several of them testify that such was, as far as they had means of knowing, the belief of all the bystanders."   The conclusion arrived at is thus announced: "Our conclusion upon the whole testimony is, that the defendant has deceived an embarrassed man into an assent to the sale of his land to the defendant, through the trustee, by taking advantage of his distress and exciting false hopes that the sale should not be treated as absolute, but that the land might be redeemed within a reasonable time."   The trust would equally arise where the party relying upon the assurance, is prevented from making arrangements with others, by which he could have secured the same benefits promised by the purchaser.   We have so recently had occasion to consider the grounds upon which parol contracts will raise trusts, that we simply refer to the case of *Mulholland* v. *York,* 82 N. C., 510, and the authorities therein referred to.

As the refused evidence was admissible, as in part the foundation of the defendant's equity, so it was in a measure corroborative of the defendant's testimony to the existence

of the agreement, as a shadow points to the object that produces it, and the rejection may have impaired the credit of the witness with the jury in passing upon the conflicting statements of the parties as to the agreement itself.

There is error, and there must be a new trial awarded.

Error.                              *Venire de novo.*