(161) The complaint states that the tract of land in possession of the defendant Daniel B. Branson, and demanded in the action, formerly belonged to his wife, and was, under proceedings instituted in the proper court, sold under a decree foreclosing a mortgage thereof made by them, and conveyed to the plaintiff.
Upon the application of the wife of the said Daniel B., she was admitted a party to the action, and filed her answer, setting up an equitable defense and counterclaim, and therein, after denying the allegations contained in the several articles of the complaint, she alleged: That the mortgage was given by her husband and herself to the plaintiff in August, 1871, to indemnify him against loss by reason of his becoming surety upon a note given to one Hugh Wilson, on which was then due $74.00; that the plaintiff afterwards paid the note, and caused to be instituted the proceedings for foreclosure and sale of the land, at which he became the purchaser for the sum of $25.00; that previous to the bringing the action to foreclose, she entered into a contract with the plaintiff, in which he agreed to buy the land when sold, and hold as trustee, and reconvey to her on payment of the balance of the mortgage debt to him; that the plaintiff did accordingly bid off the land, and had title made to himself, and she has since paid him the residue of the debt, to wit, $25.00, and interest thereon — but that he refuses to execute a deed for the premises to her, and has brought the present suit to recover possession.
She demands relief in a decree declaring the plaintiff to hold as trustee, and commanding him to make her a deed for the land.
The plaintiff, in his replication, denied any agreement for purchasing and allowing the feme defendant to redeem, and averred that there was no trust assumed on his part towards her in the premises whatever.
Two issues were submitted to the jury: *Page 151 
1. Did plaintiff buy and take title to the land under promise to let the feme defendant have it back on repaying to him the (162) balance due on his mortgage? Answer: Yes.
2. Did the feme defendant pay back to plaintiff, after his purchase, the said balance and demand title? Answer: Yes.
Upon these findings judgment was rendered for the feme defendant as set out in the record, and the plaintiff appealed.
Both parties introduced evidence, without objection, tending to sustain their respective contentions as to the trust alleged and denied, and among others Joel Pike was examined for the plaintiff, who stated that he bid off the land for the plaintiff after obtaining from the clerk a statement of the costs. Plaintiff then proposed to prove by him, but was not allowed to do so, that the plaintiff had instructed him, when requested to attend to the matter, "to bid until the land brought enough to pay his debt and the costs, and then to stop bidding." This testimoney [testimony] on objection was ruled out, and exception taken.
Whether the testimony was intrinsically obnoxious to objection, it being but a limitation upon the authority conferred upon the agent or not, it is wholly irrelevant to the issue, and its rejection was harmless. It does not tend to disprove the arrangement by which the trust was created, nor impair the force of the other testimony upon the point. The previous contract is unaffected by the directions which restrict the amount which the agent was not at liberty to bid, and as a matter between them, ought not to be heard to the prejudice of the defendant.
That a trust was raised upon the agreement found by the jury, is established by the case of Mulholland v. York, 82 N.C. 510, and this is sufficient authority for the ruling.
There is no error, and the judgment is affirmed. (163)
No error. Affirmed.