MRS. OTELIA CUNNINGHAM ET AL. V. MRS. LAURA LONG ET AL.

(Filed 19 November, 1924.)

**Actions—Parties—Bankruptcy—Statutes—Motions.**

> The trustee in bankruptcy, or the creditors he represents acting with him, may waive a doubtful claim in favor of a bankrupt's estate by having notice thereof in the schedule or otherwise and not pressing the claim for a period of time; and where the trustee has thus proceeded to settle the estate in accordance with the proceedings prescribed by the act, and he has long since been discharged by the court, after having filed his final account, a motion to dismiss the action of his heirs at law as not being the real parties in interest will be denied. C. S., 446. This principle especially applies where the deceased and the plaintiffs in the action were beneficiaries in a trust, the subject of the action.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1924, of DURHAM.

From a verdict and judgment in favor of plaintiffs, the defendants appeal, assigning error.

*Brawley & Gantt, Pou & Pou, J. W. Hinsdale, and Douglass & Douglass for plaintiffs.*

*W. D. Merritt, Luther M. Carlton, and Fuller, Reade & Fuller for defendants.*

STACY, J. This case was before us at a former term (186 N. C., 526), and it is conceded that the second trial was conducted in accordance with the opinion heretofore rendered. There is no error assigned in this respect. But it is contended on the present appeal that the action should have been dismissed upon the ground that the same was not being prosecuted by the real party in interest, as required by C. S., 446. *Chapman v. McLawhorn,* 150 N. C., 166.

This suit was originally instituted by Col. J. S. Cunningham, who died pending the action. His widow and heirs at law have been made parties plaintiff, and the matter has been, and is now being, prosecuted by them in their own right and for their own benefit. The terms of the trust were that the lands in question should be purchased at a foreclosure sale, held and reconveyed to the original plaintiff or to his family upon his or their paying the purchase price, with interest thereon. It appears that the date of the alleged parol trust, upon which plaintiffs have recovered, was 4 December, 1909. Two days thereafter, 6 December, 1909, Colonel Cunningham made and filed in the District Court of the United States for the Eastern District of North Carolina a voluntary petition in bankruptcy, and was in due course thereafter

adjudged a bankrupt. A trustee in bankruptcy was duly appointed, who took charge of the estate, and an order of discharge was later entered on 7 September, 1910. The final report and account of the trustee was filed 21 March, 1917; this was approved 29 May, 1917, and the trustee discharged. The present suit was instituted 27 March, 1920.

It is the contention of the defendants that whatever right, title, interest and estate Colonel Cunningham had in and to the lands in controversy, by virtue of the alleged parol trust, subsisted at the time the petition in bankruptcy was filed, and passed by operation of law to the trustee in bankruptcy at the time of his appointment. Hence the defendants say that the present suit must be prosecuted, if prosecuted at all, by the trustee in bankruptcy, the real party in interest, for and on behalf of the creditors of Colonel Cunningham's estate. For this position they cite section 70, Bankruptcy Act of 1898; *Thomas v. Sugarman,* 218 U. S., 129; *Knapp v. Milwaukee Trust Co.,* 216 U. S., 545; *Security Warehousing Co. v. Hand,* 206 U. S., 415; *Buckingham v. Buckingham,* 36 Ohio St. Rep., 68; *Bank v. Lasater,* 196 U. S., 115.

The trustee in bankruptcy had notice of the trust, or the plaintiffs' right to demand a reconveyance of the lands in question upon the payment of the purchase price, with accrued interest, for the same was listed by the bankrupt under Schedule B (4) of his voluntary petition in bankruptcy, and there is other evidence on the record of both actual and constructive notice. See, on this point, *R. R. v. Comrs., ante,* 267, and *Wynn v. Grant,* 166 N. C., 45. Fifteen years have elapsed since the filing of the petition, and four years since the institution of this action, and neither the trustee nor the creditors have made any effort to redeem the property. This right was considered of little or no value in 1910, except as a matter of sentiment to the plaintiffs, and it is a permissible inference, from all the facts and circumstances appearing on the record, that the trustee, together with one of the largest creditors who discussed the matter with some of the parties, elected to abandon the bankrupt's right to redeem as being of no pecuniary value to his estate. This was sufficient to deprive the defendants of the right to have the case dismissed on demurrer to the evidence or on motion to nonsuit, especially as the matter was not put in issue by the pleadings, and there was no request to have it determined by the jury.

Speaking to the question, in *Dushane v. Beall,* 161 U. S., 513, *Chief Justice Fuller* said:

"It is well settled that assignees in bankruptcy are not bound to accept property which, in their judgment, is of an onerous and unprofitable nature, and would burden instead of benefiting the estate, and can elect whether they will accept or not after due consideration and within

a reasonable time, while, if their judgment is unwisely exercised, the bankruptcy court is open to compel a different course. (Citing authorities.) The same principle is applicable also to receivers and official liquidators. (Citing authorities.)

"If with knowledge of the facts, or being so situated as to be chargeable with such knowledge, an assignee, by definite declaration or distinct action, or forbearance to act, indicates, in view of the particular circumstances, his choice not to take certain property, or if, in the language of *Ware, J.,* in *Smith v. Gordon,* he, with such knowledge, 'stands by without asserting his claim for a length of time, and allows third persons in the prosecution of their legal rights to acquire an interest in the property,' then he may be held to have waived the assertion of his claim thereto."

Again, it will be observed that the alleged parol trust was for the benefit of Colonel Cunningham "or his family upon his or their paying the purchase price, with interest thereon." Plaintiffs therefore contend that as the trustee in bankruptcy failed to exercise this right, it inured to them, as well as to Colonel Cunningham, in their own right under the original trust.

The case having been tried in accordance with the law as declared in our former opinion, the verdict and judgment will be upheld. The motion to nonsuit was properly overruled.

No error.