### R. H. WEAVER v. H. C. NORMAN.

(Filed 23 February, 1927.)

**Trusts—Mortgages—Sales—Parol Trusts.**

> Where the mortgagor of lands has afterwards become a bankrupt and the trustee therein has disclaimed title to the property, owing to the excessive amount of the debt it secured, and the successful bidder at the foreclosure sale has agreed with the mortgagor that he would bid in the mortgaged lands for him upon condition that the mortgagee pay the amount of the mortgage to him: *Held,* upon performance of the condition the title to the property vests in the mortgagor as agreed by parol, though the title to a part of the lands was defective as when the purchaser at the sale made the agreement with knowledge thereof.

APPEAL by defendant from *Barnhill, J.,* at September Term, 1926, of MARTIN. No error.

Action to have defendant declared a trustee for plaintiff, with respect to certain lands described in the complaint.

Issues submitted to the jury were answered as follows:

1. Did the defendant H. C. Norman take title to the lands and premises described in the deed from A. R. Dunning, trustee, and others, to H. C. Norman, recorded in Book R-2, page 164, under and by virtue of an agreement with plaintiff that he should hold same in trust to be reconveyed to plaintiff upon the plaintiff executing and delivering to the defendant and the Harrison Wholesale Company mortgages thereon securing the then existing mortgage debts in favor of defendant Norman and Harrison Wholesale Company? Answer: Yes.

2. If so, was the plaintiff ready, able, and willing, and did he offer to execute notes and mortgages in accordance with said agreement? Answer: Yes.

3. If so, did defendant breach said contract? Answer: Yes.

From judgment upon this verdict, defendant appealed to the Supreme Court.

*Martin & Peele and S. J. Everett for plaintiff.*
*B. A. Critcher for defendant.*

CONNOR, J. Prior to·20 December, 1923, plaintiff, by two deeds of trust, had conveyed three tracts of land, situate in Martin County, to trustees to secure the payment of notes executed by him and payable to defendant and the Harrison Wholesale Company, respectively. Plaintiff thereafter filed a voluntary petition in bankruptcy, upon which he was adjudged a bankrupt. His trustee in bankruptcy, upon ascertaining that plaintiff's equity of redemption in said lands was of no value, for the reason that his indebtedness secured by·the deeds of trust exceeded the value of the lands, disclaimed any title to or estate in said lands. The trustees in the deeds of trust thereafter sold the said lands under the powers of sale contained in their respective deeds, and on 20 December, 1923, conveyed the same to defendant, H. C. Norman, who was the last and highest bidder at the sale.

Defendant does not deny that he had an agreement with plaintiff·with respect to his purchase of the lands at the sale to be made by the trustees; he denies, however, that the agreement was as alleged in the complaint. There was evidence sustaining plaintiff's allegation that defendant, prior to the sale, agreed to purchase the lands and to hold the same in trust for plaintiff, as alleged. The motion for judgment as of nonsuit was properly denied.

Upon compliance by plaintiff and defendant with the terms of the judgment and decree rendered upon the verdict, defendant will have the same security for his debt that he had before the sale. This is in accordance with the agreement as found by the jury.

It is admitted that after the execution of the deeds of trust by plaintiff, it was discovered that plaintiff had no title to one of the tracts of land conveyed therein; defendant, however, knew that at the time he entered into the agreement with the plaintiff, with respect to the purchase of said lands, at the sale by the trustees. Having purchased with knowledge of the condition of the title, he cannot rely upon plaintiff's want of title as a defense to plaintiff's recovery in this action. The judgment is affirmed. *Cunningham v. Long,* 186 N. C., 526; *S. c.,* 188 N. C., 613.

No error.