This is an action in ejectment, brought by the plaintiff against defendant to recover the possession of a tract of land described in the complaint, containing about fifty-seven acres. The case was tried before Hon. W. A. Devin, judge presiding, and a jury, at the November Term, 1934, of the Superior Court of Edgecombe County.
Plaintiff introduced in evidence a mortgage deed from J. O. Bunting to J. A. Bunting, dated 19 January, 1932, and registered in Book 317, at page 111, Edgecombe County registry. The plaintiff introduced in evidence a deed from J. A. Bunting, mortgagee, to Ethel Long Bunting, dated 17 November, 1933, registered in Book 324, at page 547, Edgecombe County registry. The plaintiff offered in evidence the findings of facts and order upon the claims of J. A. Bunting by R. W. Herring, *Page 793 
referee in bankruptcy, said order being dated 30 June, 1933, which is admitted by defendant to be a true copy. Plaintiff offered in evidence order of Judge I. M. Meekins confirming the report or order of the referee, dated 30 September, 1933, which is admitted by defendant to be a true copy. In this order there is no finding that any equity exists over and above the mortgage debt, nor is the mortgagee restrained from exercising the power of sale contained in the mortgage. J. O. Bunting, within four months after giving the mortgage above mentioned, filed a voluntary petition in bankruptcy.
The judgment of Judge Meekins, judge of the United States District Court in the Eastern District of North Carolina, dated 30 September, 1933, in part, is as follows: "It is now therefore ordered, adjudged, and decreed that the findings of fact by Hon. R. W. Herring, referee in bankruptcy, to the aforesaid effect and tenor be and the same are hereby approved, and said findings are hereby adopted, reiterated, and reconfirmed by the undersigned judge: It is now therefore still further ordered, adjudged, and decreed that the aforesaid mortgage deed executed by John Olen Bunting and wife, Fannie Bunting, securing a note of thirty-three hundred and fifty dollars ($3,350), is hereby held to be a valid and subsisting lien on the property conveyed in said mortgage, and not a voidable preference."
The issues submitted to the jury, and their answers thereto, are as follows: "(1) Is the plaintiff entitled to the possession of the land described in the complaint, designated as first tract? A. `Yes.' (2) Does the defendant wrongfully withhold possession of same? A. `Yes.' (3) What was the rental value of said land for the year 1934? A. `$150.00.'"
On the first and second issues, the court below charged the jury, if they found the facts to be true as testified, and as the evidence tended to show, that they would answer the issues "Yes," and on the third issue, on the disputed facts, the jury answered "$150.00."
The defendant made several exceptions and assignments of error, and appealed to the Supreme Court.
The defendant gave his half brother, J. A. Bunting, a mortgage, on 19 January, 1932, securing a bond for $3,350, for the land in controversy. In default of the payments and in accordance with the provision of the mortgage, the land was sold and purchased by the plaintiff, the wife of J. A. Bunting. This is an action in ejectment for the possession of the land. On this record, the trustee in bankruptcy is *Page 794 
not a party and is making no claim to the land. It is contended by plaintiff that the entire evidence shows that the bankruptcy court and the trustee in bankruptcy has abandoned the property to the bankrupt and his mortgagee. We think, from the present record, the foreclosure was valid between the parties. The evidence tends to show that the trustee in bankruptcy saw no equity and abandoned any claim he might have, at least asserted none. No doubt he saw that the value of the property was less than the lien. Cunningham v. Long, 188 N.C. 613, and Irvin v. Harris,189 N.C. 465.
The case of Isaacs v. Hobbs Tie Timber Co.,75 Law Ed., p. 645 (282 U.S. 734-739), cited by defendant, is not applicable to the facts in the present action.
For the reasons given, there is
No error.